IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:09CV340-1-MU

| | | |
|---|---|---|
| SHELBY JEAN WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a

Writ of Habeas Corpus, filed August 28, 2009.

According to the information filed by Petitioner, after trial by jury, she was convicted of

first-degree murder in Avery County Superior Court.  On July 1, 1998, she was sentenced to life

imprisonment without parole.  Petitioner appealed her sentence and conviction to the North

Carolina Court of Appeals and her appeal was denied.  On March 1, 2001, the North Carolina

Supreme Court dismissed Petitioner's appeal of the North Carolina Court of Appeal's decision.

Petitioner does not indicate that she filed any motions for post-conviction relief in state court.

On August 28, 2009, Petitioner filed the instant federal habeas petition with this Court.

On April 23,1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

(the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2254 by imposing a 1-

year statute of limitations period for the filing of a federal habeas petition.  Such amendment

provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation

period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's case became final on May 30, 2001 – ninety days after the March 1, 2001,

Order of the North Carolina Supreme Court denying Petitioner's petition for discretionary

review. See Clay v. United States, 537 U.S. 522 (2003)(for federal cases, finality occurs when

the time for noticing review expires). Consequently, under prong one of AEDPA's limitation

period, Petitioner's limitation period began to run on May 30, 2001, and expired on May 31,

2002.

Petitioner tries to avoid the conclusion that her federal habeas petition is untimely[1] by

---

[1] In Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the United States Court of Appeals for the Fourth Circuit concluded that "when a federal habeas court, prior to trial, perceives a pro-se § 2254 petition to be untimely and the state has not yet filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal . . . absent a sufficient explanation . . . ." The Fourth Circuit premised its holding on Hill on the fact that a pro se petitioner is unlikely "to preempt an anticipated statute of limitations defense by including facts to show that the petition is timely." Id. at 707. In the instant case, Petitioner specifically argued that her petition should be considered timely filed. Accordingly, given the fact that Petitioner had the opportunity to address the timeliness of her petition -- albeit unsuccessfully -- the Court concludes that it need not provide Petitioner with any additional opportunities to address

asserting that she has discovered new evidence to support her innocence. Pursuant to §

2244(d)(1)(D) a Petitioner may file an application for a writ of habeas corpus within one year of

"the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence." In support of her newly discovered evidence

contention Petitioner states "[e]vidence of coercion in obtaining confession exists in the

instrument of blood drawn and tested and processed on or about the date of confession

confirming drugging of the defendant by interrogating law enforcement authorities without

defendant's knowledge or permission." Petitioner further states "Defendant recently discovered

evidence exists in the possession of up to four independent sources" and goes on to name a

hospital, a lab company, a diagnostics company and Avery County law enforcement. Petitioner

does not allege precisely what this evidence is.

Significantly, Petitioner fails to state the precise nature of this allegedly newly discovered

evidence. Indeed, it is unclear to the Court that Petitioner has even seen or knows the precise

content of this alleged "evidence." Equally significantly, Petitioner does not provide any

explanation as to why such evidence was previously unavailable or undiscoverable for over eight

years. Petitioner does not inform the Court how she came to learn of the existence of the alleged

newly discovered evidence. Nor does she provide any details as to how she came to obtain such

evidence – if in fact she has obtained it. Indeed, Petitioner provides no details whatsoever in

support of a conclusion that she exercised due diligence in pursuing this evidence. As such, this

Court finds that she has not established that her limitation period should run from her alleged

discovery that four entities allegedly possess evidence that her confession was coerced rather

such matters.

than the date on which the judgment in her case became final.

Petitioner also argues that she is innocent of the murder for which she was convicted. This Court is unaware of any precedent by the United States Court of Appeals for the Fourth Circuit or the Supreme Court ruling on whether actual innocence is grounds for equitable tolling under AEDPA. However, because Petitioner fails to establish that she is actually innocent, this Court need not decide that issue.

Establishing a claim of actual innocence requires a showing that there is new evidence, not present in the trial, that makes it more likely than not that no reasonable juror would have convicted the petitioner. See Schlup v. Delo, 513 U.S. 298, 324, 327-28 (1995). A petitioner must support his actual innocence claim with "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id at 324. To succeed on an actual innocence claim a petitioner must show factual innocence, not simply legal insufficiency of evidence to support a conviction. See Bousley v. United States, 523 U.S. 614, 623 (1998). The Supreme Court has cautioned that credible claims of actual innocence are "extremely rare." See Schlup, 513 U.S. at 321.

Petitioner bases her claim of actual innocence upon an alleged "lack of forensic evidence." Petitioner does not provide further specifics. Petitioner has failed to produce or even provide details about new evidence, not available at trial, that if it had been introduced into evidence would render it more likely than not that no reasonable juror would have convicted Petitioner. Her claim is insufficient to establish that she is actually innocent.

Finally, the Court notes that Petitioner's ineffective assistance of counsel claim is not based upon the alleged newly discovered evidence. As such the alleged "newly discovered fact"

does not even serve as the factual predicate for the claim.

**IT IS, THEREFORE, ORDERED** that Petitioner's Petition for a Writ of Habeas

Corpus is **DISMISSED** as untimely.

Signed: September 22, 2009

Graham C. Mullen
United States District Judge